**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**RAUL GAMEZ,**

      **Petitioner,**

**vs.**                                            **Case No. 4:11cv114-WS/CAS**

**MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,[1]**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

Petitioner Raul Gamez, proceeding pro se, filed a 28 U.S.C. § 2254 petition on

March 18, 2011. Doc. 1. At the direction of this Court, Petitioner filed an amended

§ 2254 petition on May 17, 1011. Doc. 6. Petitioner filed a second amended § 2254

petition on August 17, 2011. Doc. 11. On August 6, 2012, Respondent filed an

answer, with exhibits. Doc. 28 Exs. A-R. Petitioner filed a reply to the response on

September 1, 2012. Doc. 29.

_____

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida
Department of Corrections in place of Kenneth Tucker. Michael Crews became
Secretary on December 17, 2012, and shall be automatically substituted pursuant to
Federal Rule of Civil Procedure 25(d).

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## **Procedural History**

By Information dated March 2, 2007, in Gadsden County case number 2007-150-CF-A, the State of Florida charged Petitioner with one count of trafficking in cocaine, contrary to section 893.135, Florida Statutes, in connection with events that took place on February 21, 2007. Doc. 28 Ex. A. Petitioner, represented by retained counsel, filed a motion to suppress evidence of the narcotics found in the vehicle in which he and his co-defendant were traveling. Doc. 28 Ex. D. The trial court denied Petitioner's motion to suppress on June 12, 2008. *Id*.

On January 7, 2009, Petitioner entered a negotiated plea of nolo contendere to the charge of trafficking in cocaine. Doc. 28 Ex. G at 16-32. Petitioner was charged a $250,000 fine and was sentenced to nine years in the Department of Corrections, with credit for 686 days served. Doc. 28 Exs. E and F. Petitioner did not appeal his sentence, and it became final thirty days later on February 6, 2009.

On May 12, 2009, Petitioner filed a pro se motion for postconviction relief in the state trial court, pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 28 Ex. G.

Petitioner raised three claims of ineffective assistance of counsel (IAC): (1) IAC for failing to preserve for appeal the circuit court's denial of his motion to suppress; (2) IAC for failing to file a motion to dismiss the information based upon the lack of probable cause for the traffic stop; and (3) IAC for failing to advise the defendant that the low end of his sentencing guidelines was forty-eight months. *Id*. at 3-5. The circuit court denied Petitioner's motion on June 1, 2009, finding Petitioner's claims to be frivolous. *Id.* at 8.

Petitioner appealed the denial of his Rule 3.850 motion to the First District Court of Appeal (DCA), assigned case number 1D09-3813. Doc. 28 Ex. G at 34. The First DCA per curiam affirmed the case without opinion on November 23, 2009. Doc. 28 Ex. J; Gamez v. State, 26 So. 3d 584 (Fla. 1st DCA 2009) (table). Petitioner filed a motion for rehearing on December 8, 2009. Doc. 28 Ex. K. The First DCA denied Petitioner's motion on January 22, 2010. Doc. 28 Ex. L. The mandate issued on February 9, 2010. Doc. 28 Ex. M; *see* online docket for 1D09-3813 at www.1dca.org.

On August 2, 2010, Petitioner filed a second motion for postconviction relief pursuant to Rule 3.850. Doc. 28 Ex. N at 1. Petitioner alleged that his co-defendant's plea constituted newly discovered evidence and that his co-defendant's disparate sentence created a manifest injustice. *Id* at 5-10. The circuit court denied Petitioner's motion on its merits on August 16, 2010. *Id.* at 14. On August 24, 2010, Petitioner filed a motion for rehearing, *Id*. at 15, which the court denied on August 31, 2010, *Id.* at 17.

On  September 13, 2010, Petitioner filed a notice of appeal of the denial of his second Rule 3.850 motion, assigned case number 1D10-5634. Doc. 28 Ex. N at 18, Ex. O. The First DCA per curiam affirmed the case without opinion on January 31,

2011.  Doc. 28 Ex. Q; Gamez v. State, 53 So. 3d 1026 (Fla. 1st DCA 2010) (table).

The mandate issued on February 28, 2011.  Doc. 28 Ex. R; see online docket for 1D10-

5634 at www.1dca.org.

As indicated above, on March 18, 2011, Petitioner filed a § 2254 petition in this

Court.  Doc 1.  At the request of the Court, Doc. 5, Petitioner filed an amended § 2254

petition on May 17, 2011.  Doc. 6.  After further direction by this Court, Doc. 10,

Petitioner filed a second amended § 2254 petition on August 17, 2011.  Doc. 11.  On

August 6, 2012, Respondent filed an answer and exhibits.  Doc. 28 Exs. A-R.  Petitioner

filed a reply on September 1, 2012.  Doc. 29.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for

persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).  See Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker,

633 F.3d 1272 (11th Cir. 2011).

In this case, in his § 2254 petition, Petitioner raises one ground alleging manifest

injustice based on disparate sentencing and two grounds alleging ineffective assistance

of counsel (IAC):

> (1) Co-Defendant . . . received a disparate sentence that was disproportional to Defendant Gamez's sentence, constituting a manifest injustice in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Doc. 11 at ECF 3, 9;
>
> (2) Defense counsel provided ineffective assistance of counsel during plea negotiations by using coercive statements regarding what the court would do if Gamez accept[ed] the State's plea offer, *Id*. at ECF 4, 11; and
>
> (3) Counsel performed deficiently in refusing to comply with Gamez's instructions to depose State's witnesses and Gamez was therefore unable to make an informed decision as to whether or not to accept the State's plea offer, *Id*. at ECF 5, 13.

Respondent asserts that Petitioner has not properly exhausted all claims and that his

second amended § 2254 petition is untimely because it does not "relate back" to the

claims in his original § 2254 petition.  Doc. 28 at 13-15; *see* Docs. 1, 6, 11.

Respondent then addresses the merits of Petitioner's claims.  *See* Doc. 28 at 19-38.

### Timeliness

Respondent argues that Petitioner's § 2254 petition may be dismissed as barred

by the one-year limitations period set forth in the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244(d)(1); *see* Doc. 28 at 13-15.

The AEDPA one-year limitations period generally runs from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Later dates which may

commence the period are the date on which an unconstitutional impediment which

prevented the applicant from filing is removed; the date on which the constitutional right

asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).

Here, Petitioner's plea and sentencing hearing occurred on January 7, 2009. Doc. 28 Ex. G at 18-32. Petitioner did not appeal, and his sentence became final thirty days later, on February 6, 2009. Therefore, absent any tolling, Petitioner had until February 6, 2010, to file a § 2254 petition in this Court.

Petitioner's one-year limitations period began on February 6, 2009, and ran until Petitioner filed his first Rule 3.850 motion on May 12, 2009. Doc. 28 Ex. G. At this point, 95 days had passed in the limitations period. The Rule 3.850 motion tolled the AEDPA time until the First DCA issued its mandate on February 9, 2010. Doc. 28 Ex. M. At this point, the AEDPA clock started again and ran for 174 days until August 2, 2010, when Petitioner filed his second Rule 3.850 motion. Doc. 28 Ex. N at 1. At this point, 269 days had passed in the limitations period. The Rule 3.850 motion tolled the AEDPA time until the First DCA issued its mandate on February 28, 2011. Doc. 28 Ex. R. At this point, there were 96 days remaining in the limitations period. Eighteen days later, on March 18, 2011, Petitioner filed his § 2254 petition in this Court. Doc. 1.

Respondent argues that although Petitioner's initial § 2254 petition was filed within the one-year limitations period, the second amended § 2254 petition was filed after the limitations period expired, does not "relate back" to the initial § 2254 petition,

and is therefore untimely.  *See* Doc. 28 at 13-15.

Although Petitioner changed aspects of his claims between filings, after direction by this Court, Docs. 5 and 10, his amended petitions relate back to his initial § 2254 petition because the claims have arisen from the same set of facts and are not the result of separate conduct or a separate occurrence.  Davenport v. United States, 217 F.3d 1341 (11th Cir. 2000) (holding that amended claims did not relate back where original claims dealt with chemical makeup of drugs and amended claims addressed relationship between drug transactions and ineffective assistance of counsel, and explaining, "In order to relate back, the untimely claim must have arisen from the same 'set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type'," (citation omitted)).  Therefore, Petitioner's second amended § 2254 petition is considered timely.

<u>Ground 1: Co-Defendant Benitez Received a "Disparate Sentence"</u>

In his first ground, Petitioner claims his co-defendant received a disparate sentence that created a "manifest injustice."  Doc. 11 at 3, 9.  Petitioner raised this claim as it relates to the "newly discovered evidence rule" under Ground One of his second Rule 3.850 motion, filed August 2, 2010.  Doc. 28 Ex. N at 7-9.  The circuit court denied Petitioner's Rule 3.850 motion, stating:

> Disparate legal sentences received after entering negotiated pleas does not constitute newly discovered evidence (citation omitted).  The defendant's unhappiness at discovering co-defendant's plea agreement was better than his own is sour grapes, not a legal basis for granting an evidentiary hearing.

*Id*. at 14.  Petitioner appealed the denial of his Rule 3.850 motion to the First DCA on

November 13, 2010, citing the above-quoted reasoning.  Doc. 28 Ex. O at 5-6.  The

First DCA per curiam affirmed without opinion on January 31, 2011.  Doc. 28 Ex. P.

Respondent argues that Petitioner has never raised a federal claim regarding the

proportionality of his sentence and therefore has not properly exhausted this issue in

state court.  Doc. 28 at 21.

Even assuming Petitioner has properly exhausted this claim, the state courts'

rulings are entitled to deference, and review is limited to the record before the state

court.  *See* Cullen, 131 S.Ct. at 1388.  Nothing in the record indicates the state courts'

adjudication of this claim resulted in a decision that was either (1) contrary to, or

involved an unreasonable application of, clearly established U.S. Supreme Court

precedent, or (2) based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d).  The

record reflects that when Petitioner entered his negotiated plea agreement, he

understood the consequences of his plea and knew that he was pleading to nine years

in custody.  Doc. 28 Ex. G at 16-32.  Therefore, Petitioner's first ground should be

denied.

<u>Ground 2:  IAC – Counsel's "Coercive" Statements</u>

In his second ground, Petitioner claims his trial counsel provided ineffective

assistance during plea negotiations "by using coercive statements regarding what the

court would do if Gamez accept[ed] the State's plea offer."  In <u>Strickland v. Washington</u>,

the U.S. Supreme Court adopted a two-part test for IAC claims:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel

was not functioning as the "counsel" guaranteed the defendant by the
Sixth Amendment.  Second, the defendant must show that the deficient
performance prejudiced the defense.  This requires showing that
counsel's errors were so serious as to deprive the defendant of a fair trial,
a trial whose result is reliable.

466 U.S. 668, 687 (1984).  To demonstrate ineffectiveness, a "defendant must show

that counsel's performance fell below an objective standard of reasonableness." *Id.* at

688.  To demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694.  "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.*

The Strickland test applies to ineffective assistance of counsel claims arising out

of the plea process.  Hill v. Lockhart, 474 U.S. 52, 57-58 (1985).  When a defendant

has entered a plea while represented by counsel, as here, "the voluntariness of the plea

depends on whether counsel's advice 'was within the range of competence demanded

of attorneys in criminal cases'." *Id.* at 56 (quoting McMann v. Richardson, 397 U.S.

759, 771 (1970)).  "[A] defendant who pleads guilty upon the advice of counsel 'may

only attack the voluntary and intelligent character of the guilty plea by showing that the

advice he received from counsel was not within the standards set forth in McMann'." *Id.*

at 56-57 (quoting Tollett v. Henderson, 411 U.S. 258 (1973)).  That a plea is one of nolo

contendere, as here, rather than guilty, does not warrant a different analysis for

purposes of habeas corpus.  *See* North Carolina v. Alford, 400 U.S. 25, 35-37 (1970);

*see also* Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (explaining that "[u]nder Florida

law, a plea of nolo contendere is equivalent to a plea of guilty").

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).   "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen, 131 S.Ct. at 1388.

For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'"  Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)).  "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  Id.  It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard."  Id.

Respondent argues that Petitioner did not raise this claim in either of his Rule 3.850 postconviction motions and that Petitioner has therefore failed to exhaust his state court remedies on this issue. Doc. 28 at 25. In Ground Two of his second amended § 2254 petition, however, Petitioner alleges primarily the same facts and arguments that he raised in Ground Three of his first Rule 3.850 motion, filed May 12, 2009, ("Counsel was ineffective for failing to advise the Defendant that the low-end of his sentencing guidelines was forty-eight (48) months."). Doc. 28 Ex. G at 5-6. Nonetheless, even assuming that this claim has been exhausted in state court, Petitioner is not entitled to relief on this ground.

On June 1, 2009, in its order denying Petitioner's first Rule 3.850 motion, the state postconviction trial court ruled on each ground. In denying this claim (Ground Three), the trial court found:

> This ground is frivolous. A guideline minimum of 48 months regular time was made irrelevant to this plea because it was trumped by a 15-year mandatory minimum without gain time. Defendant agreed to the waiver in exchange for a regular 9-year DOC sentence, (citing transcript of sentencing hearing at 5-7).

*Id.* at 8. The circuit court attached to its order Petitioner's plea form and the transcript of Petitioner's plea and sentencing hearing. *See id.*

The transcript of the plea hearing and the language of the plea agreement itself support the state postconviction court's findings and determination that Petitioner's claim lacks merit. *Id.* at 18-31. At the plea hearing, the terms of the plea were reviewed, and the judge asked Petitioner if he had any questions:

> THE COURT: Okay, now this is a plea to trafficking in cocaine. The maximum penalty is 30 years prison. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And I assume there's a mandatory minimum of what, in the case that applies?

MR. JOHNSON: It would be a 15-year min-man but we're waiving that for the purposes of this plea.

THE COURT: Okay, because of the amount?

MR. KEMP: Yes, Your Honor.

MR. JOHNSON: Yes, ma'am.

THE COURT: Okay. And do you understand that at a jury trial, you'd have the right to have a jury examine the amount and they could make a separate decision. And if it was a lower amount, then the mandatory minimum could be lower or it could even change the charge. For example, simple possession of cocaine is punishable by zero to five years maximum. Do you understand those concepts?

THE DEFENDANT: Yes, ma'am.

THE COURT: We only decide what are the proper lesser offense during a jury trial. So if you don't have a jury trial, we never get that far. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Now, nine years DOC means that, credit for 686 days, we can promise you will not do anything more than nine years. And this is a regular–this has some man-min to it or what? Which is there?

MR. KEMP: It is a 15-year min-man. I think we're waiving that, it's just–

THE COURT: Well, you're pleading to nine so–

MR. KEMP: –it's just a straight plea to nine years with the credit for time served.

*Id*. at 22-23.

In addition, in the written plea, Petitioner indicated he was entering a plea of nolo contendere to the cocaine trafficking offense with the understanding that he would be sentenced to nine years in the Department of Corrections, with credit for 686 days

served.  *Id.* at 16.  The written plea also contains the following:

> (3) I understand the nature of the charges to which I am pleading and I am
> aware of the maximum and minimum penalties.  My lawyer has informed me of
> the facts the State would have to prove before I could be found guilty, and
> discussed with me any possible defenses that could be raised in my case.  I
> declare that I am satisfied with my lawyer's advice and legal assistance.

*Id.*  Furthermore, Petitioner was asked on the record at his plea and sentencing hearing

if he was satisfied with the servicesof his counsel, and he confirmed that he was.  *See*

Doc. 28 Ex. G at 26.

Assuming Petitioner properly exhausted this claim, the state courts' rulings are

entitled to deference and review is limited to the record before the state court.  *See*

Cullen, 131 S.Ct. at 1388.  Therefore, relief on this ground should be denied.

Ground 3:  IAC – Failure to Depose

In his third ground, Petitioner claims his trial counsel rendered ineffective

assistance by failing to depose State's witnesses and that Petitioner was therefore

unable to make an informed decision as to whether to accept the State's plea offer.

Doc. 11 at ECF 5, 13.

Respondent argues that Petitioner did not raise this claim in either of his

postconviction motions in state court.  Doc. 28 at 31.  Respondent's argument is well-

taken.  Therefore, Petitioner is not entitled to relief on this ground because he has not

exhausted his remedies in state court.  *See* 28 U.S.C. § 2254(b)(2).

Furthermore, it appears that Petitioner did not raise this ground in either his

original or first amended § 2254 petitions to this Court.  Indeed, in his reply to

Respondent's answer, Petitioner appears to admit that the third ground is not similar to

the grounds raised in his initial § 2254 petition.  Doc. 29 at 8-9 (Petitioner states, "On

page 24 of the State's response it was stated that the claims raised on the second

amended petition were substantially different, with the exception of ground 3, they are

not."; "On page 24 of the State's response it stated that the grounds raised on the two

amended petitions were substantially different and not linked to the original petition,

with the exception of ground three of the second amended petition it is not so."). Beyond that, Petitioner does not address his third ground in his reply to the State's answer. *See* Doc. 29.

Even assuming that Petitioner properly exhausted this claim, he would not be entitled to relief because, as explained above, Petitioner declared his satisfaction with his legal counsel when he entered his plea of nolo contendere. *See* Doc. 28 Ex. F at 16; Doc. 28 Ex. G at 26. The record also reflects that Petitioner's counsel did take a number of depositions in preparing Petitioner's case. Doc. 28 Ex. G at 30 (Petitioner's counsel stated, "We've done extensive depositions in the case, including deposing one officer two times. I think we've deposed something around a dozen witnesses."). The court also inquired: "Is there any witness or defense you asked him to investigate that he failed or refused to investigate?" The Defendant responded: "No." Doc. 28 Ex. G at 26; *see* Doc. 28 at 37-38. Furthermore, as previously noted, there is a "doubly deferential judicial review" applied to claims of ineffective assistance of counsel, *see* Knowles, 556 U.S. at 123, and Petitioner has failed to show that his counsel's assistance "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, or outside "'the range of competence demanded of attorneys in criminal cases'," Hill, 474 U.S. at 57-58. *See* Harvey v. Tucker, 2011 WL 5025540 (N.D. Fla. Sept. 27, 2011) (holding that petitioner could not bring a claim that counsel was ineffective for failing to take sufficient pre-trial depositions because (1) petitioner was aware of counsel's pre-plea investigation prior to entering his no contest plea and so it did not implicate the validity of petitioner's plea, and (2) petitioner had waived the issue by entering his plea). Therefore, Petitioner is not entitled to relief on this ground.

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief. Accordingly, the second amended § 2254 petition (Doc. 11) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the second amended § 2254 petition (Doc. 11). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Michael D. Crews for Kenneth S. Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on October 21, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections**

within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.